IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VENSON M. SHAW and<br>STEVEN M. SHAW,<br><br>Plaintiffs,<br><br>v.<br><br>BROADCAST.COM, INC.,<br>REALNETWORKS, INC., and<br>MICROSOFT CORPORATION,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | 3:98-CV-2017-P |

## MEMORANDUM OPINION AND ORDER

Now before the Court is Plaintiffs' Motion for Reconsideration and Alter or Amend the Summary Judgment Based on Additional Factual Finding,[1] filed September 12, 2005, Plaintiffs' Motion for Waive or Extension the Cost,[2] filed September 22, 2005, and Microsoft's Motion to Dismiss Counterclaims Without Prejudice,[3] filed September 23, 2005. After a thorough review of the briefing, the summary judgment evidence, the case file, and the applicable law, the Court

---

[1] Defendant Microsoft Corporation filed a Response on September 30, 2005, and Plaintiffs filed a Reply on October 17, 2005.

[2] Defendant Microsoft Corporation filed a Response on September 30, 2005, stating that it was unopposed to delaying assessment of costs until final judgment. Defendant was, however, opposed to any waiver of costs.

[3] Summary judgment was granted in favor of Defendants on August 30, 2005, but the judgment did not dispose of all the claims and in actuality was a partial judgment. Fed. R. Civ. P. 54(b). Microsoft has now moved to dismiss its counterclaims without prejudice. The Court will therefore issue an amended final judgment reflecting disposition of all the claims in this case.

DENIES Plaintiffs' Motion for Reconsideration and Alter or Amend the Summary Judgment Based on Additional Factual Findings, DENIES Plaintiffs' Motion for Waive or Extension the Costs, and GRANTS Microsoft's Motion to Dismiss Counterclaims Without Prejudice.

## I.   Introduction

On August 25, 1998, plaintiffs Venson and Steven Shaw ("Plaintiffs") brought a patent infringement suit, asserting United States Patent No. 5,611,038 ("the '038 patent"). On August 30, 2005, this Court granted Defendant's Motion for Summary Judgment, dismissing all of Plaintiffs' claims. Plaintiffs brought the instant motion for reconsideration on September 12, 2005. In accordance with Fed. R. Civ. P. 6(a), Plaintiffs have filed the present motion within 10 days of the entry of judgment. Plaintiffs petition the Court to reconsider its order of August 30, 2005, and to alter or amend the summary judgment pursuant to Fed. R. Civ. P. 52(b) ("Rule 52(b)"). Plaintiffs are pursuing this appeal *pro se*, therefore, their pleadings are construed liberally. *See, e.g., Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Perez v. U.S.*, 312 F.3d 191, 194-95 (5th Cir. 2002). As Plaintiffs are seeking reconsideration and an alteration or amendment of the judgment, the Court construes this motion as falling under Fed. R. Civ. P. 59(e) ("Rule 59(e)"). *See* 12 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 59.05 [6] (3d ed. 1999) ("[A] Rule 59(e) motion seeks an alteration or amendment of a judgment, often by way of the court's finding of additional facts. In contrast, a Rule 52(b) motion seeks only the correction of findings or finding of additional facts without alteration of the judgment."). A challenge to the correctness of a judgment is properly brought under Rule 59(e). *See Nat'l Metal Finishing Co. v. BarclaysAmerican/ Commercial, Inc.*, 899 F.2d 119, 122 (1st Cir. 1990).

## II. Legal Standard

While "the Federal Rules do not recognize a 'motion for reconsideration,'" a party may obtain relief from a final judgment pursuant to Rule 59(e) if it is filed within 10 days of a rendition of the judgment. *Ford v. Elsbury*, 32 F.3d 931, 937 n.7 (5th Cir. 1994). Whether to grant such a motion to reconsider is left to the discretion of the district court. *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). The district court is to balance the need to bring litigation to an end against the need to render a just decision based on all the facts. *See Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). However, reconsideration of a judgment after final entry is an extraordinary remedy and should be used sparingly. *Id.* A Rule 59(e) motion "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id.* Rather, it "serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Id.*

## III. Discussion

Given the narrow purpose of a Rule 59(e) motion, the Court will only consider manifest errors of law or fact or newly presented evidence. Plaintiffs are required to clearly establish the existence of such an error. *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005). "Manifest error" is not shown by the "disappointment of the losing party;" instead, the movant must point to obvious error—such as "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citations omitted). Plaintiffs do not point the Court to any such error. Instead, they repeat arguments already made at summary judgment. Plaintiffs hardly even reference the Court's August 30, 2005, opinion,

much less demonstrate manifest error such that it should be altered or amended.

Further, Plaintiffs do not present the Court with newly discovered evidence or factual findings, rather, they admittedly re-submit evidence already in the record. Plaintiffs state that they "wish to point out [that] there are (sic) already sufficient evidence available in the record to justify" a finding of infringement. (Pl.'s Mot. at 13.) Plaintiffs then spend the bulk of the brief recounting this evidence, attempting to convince the Court that Defendants infringed their patent. But the Court already ruled on this evidence. Summary judgment was the proper means by which to make a determination, Plaintiffs cannot use the instant motion as a vehicle to recycle arguments. *See Wolf Designs, Inc. v. Donald McEvoy Ltd.*, No. 3:03-CV-0348-G, 2005 WL 827076, at * 1 (N.D. Tex. Apr. 6, 2005) (Fish, C.J.). Even if Plaintiffs make arguments not raised at the summary judgment stage, the Court cannot properly consider such arguments. A Rule 59(e) motion "cannot be used to make arguments which could, and should, have been made before the judgment issued." *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863-64 (5th Cir. 2003). All of the relevant evidence submitted by Plaintiffs was already in the Court's record, or could have been in the record prior to summary judgment. Plaintiffs provide the Court with no basis for reconsidering the judgment.

### IV. Conclusion

For the foregoing reasons, the Court DENIES Plaintiffs' Motion for Reconsideration and Alter or Amend the Summary Judgment Based on Additional Factual Finding. The Court further GRANTS Microsoft's Motion to Dismiss Counterclaims Without Prejudice. This order constitutes a final judgment and costs are assessed against Plaintiffs. Therefore, Plaintiffs'

Motion for Waive or Extension the Cost is hereby DENIED.

**IT IS SO ORDERED.**

Signed this 20th day of December 2005.

                                             *[signature]*
                                             JORGE A. SOLIS
                                             UNITED STATES DISTRICT JUDGE